RECEIVED

AUG 2 7 2015

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ANDRES M. LANDOR, ET AL. | CIVIL ACTION NO. 14-2620 |
| VERSUS | JUDGE DOHERTY |
| LAFAYETTE CONSOLIDATED GOV'T | MAGISTRATE JUDGE HILL |

## RULING AND ORDER

Pending before this Court is a Report and Recommendation issued by the magistrate judge, in which the magistrate judge recommends the "Motions to Dismiss Pursuant to Rule 12(b)(6)" [Docs. 7, 16, and 22] filed by defendant Lafayette Consolidated Government ("LCG") be granted on grounds the claims of the plaintiff are barred by *res judicata*, and the instant case be dismissed. Plaintiff Andres M. Landor has filed an Objection to the Report and Recommendation [Doc. 35], and LCG has filed a Response [Doc. 36] to the Objection. For the following reasons, the Report of the magistrate judge is adopted by this Court.

This Court files the instant ruling to clarify one point. In his Objection, Mr. Landor argues for the first time that one factor of the *res judicata* analysis is not satisfied in this matter, to wit, that there was no final judgment in *Landor I* at the time the plaintiff filed his claims in *Landor II*, and therefore, *res judicata* cannot bar his claims in *Landor II*. The plaintiff's argument is unpersuasive for several reasons. First, it is unclear to this Court whether the law requires that there be a final judgment on the first set of claims *at the time the new claims are filed*, or whether it suffices for the first-filed claims simply to have been adjudicated prior to the time the latter-filed claims are

adjudicated.[1] Regardless, this Court need not make that determination at this time, because the law is clear that a determination on a Rule 12(b)(6) motion that claims are dismissed with prejudice satisfies the requirement for a "final judgment" for *res judicata* purposes.  *See, e.g., Stevens v. Bank of American, N.A.*, 587 Fed. App'x. 130, 133 (5th Cir. 2014) (plaintiffs argued prior dismissal on 12(b)(6) motion was not a final judgment on the merits; Fifth Circuit disagreed, noting "a federal court's [12(b)(6) dismissal with prejudice is a final judgment on the merits for res judicata purposes."), *citing Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir.2009) and *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 n. 8 (5th Cir.1993).  This Court notes a final Judgment dismissing all claims in *Landor I* was issued by this Court on September 17, 2014 [Doc. 67].  The claims in *Landor II* were filed by the plaintiff on September 1, 2014.

Considering the foregoing, after this Court's *de novo* review of the issues presented, this Court ADOPTS the findings of the magistrate judge and concludes the instant lawsuit should be dismissed on grounds of *res judicata*.  Consequently, the "Motions to Dismiss Pursuant to Rule 12(b)(6)" [Docs. 7, 16, and 22] are GRANTED, for the reasons set forth by the magistrate judge in his Report and Recommendation and the additional reasons stated herein.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this 27th day of August, 2015.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that in his Objection, with respect to the law governing *res judicata*, the plaintiff cites to a case governed by Texas state law.  Although unclear to this Court at this time, it is believed all of the claims alleged against the defendants in *Landor I* and *Landor II* are governed by federal law and/or Louisiana state law.